# United States Court of Appeals for the Federal Circuit

2007-3022


DAVID L. GUTKOWSKI,

Petitioner,

v.


UNITED STATES POSTAL SERVICE,

Respondent.


Peter G. Loftus, The Loftus Law Firm, P.C., of Waverly, Pennsylvania, argued for petitioner.

Ray E. Donahue, Attorney, Appellate Division, United States Postal Service, of Washington, DC, argued for respondent. On the brief was Lori J. Dym, Chief Counsel. Also on the brief was Peter D. Keisler, Acting Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC,

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3022

DAVID L. GUTKOWSKI,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  October 23, 2007

_____

Before DYK and MOORE, Circuit Judges, and COTE, District Judge.[*]

COTE, District Judge.

David L. Gutkowski ("Gutkowski") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), dismissing his petition for enforcement of a prior Board order.  Gutkowski v. U.S. Postal Serv., PH-0752-01-0218-C-3 (M.S.P.B. Aug. 3, 2006).  We affirm.

## BACKGROUND

Effective March 19, 2001, the United States Postal Service ("agency") removed petitioner from his position of Supervisor Level 16, Customer Service, at the Wilkes Barre Post Office in Pennsylvania.  Following a hearing, an administrative judge ("AJ")

_____

[*]        Honorable Denise Cote, District Judge, United States District Court for the Southern District of New York, sitting by designation.

in the Board's Northeastern Regional Office mitigated the removal to a 90-day suspension and a demotion to the next-highest non-supervisory position, and awarded back pay and related retroactive benefits. Gutkowski v. U.S. Postal Serv., PH-0752-01-0218-I-1 (M.S.P.B. Apr. 19, 2002) (the "Initial Decision"). The Initial Decision became final on August 28, 2003, when the Board denied the agency's petition for review. Gutkowski v. U.S. Postal Serv., 94 M.S.P.R. 481 (Table), 2003 MSPB LEXIS 494 (Aug. 28, 2003) (the "Final Board Order").

Following the Initial Decision, the agency directed Gutkowski to report for duty on May 24, 2002, to the position of Distribution Clerk, Part-Time Flexible ("PTF"), PS-5, in the Tunkhannock Post Office. Gutkowski did not report for duty, requested leave, and was carried in a leave-without-pay status as of May 24, 2002.

On October 24, 2003, Gutkowski filed a petition for enforcement of the Final Board Order, alleging that the agency had failed to meet its obligations under the Final Board Order by placing him in the PTF PS-5 position. In a Recommendation issued on February 24, 2004, the AJ concluded that the agency had proved compliance with the Final Board Order, but directed the agency to submit further evidence regarding its calculation of back pay and annual leave balance.

On March 29, 2004, while briefing proceeded on the back pay and annual leave balance issues, Gutkowski returned to the agency in the PTF PS-5 position assigned to him following the Initial Decision. On January 12, 2005, Gutkowski filed a Motion to Accept and Consider New Evidence, in which he (1) contended that the agency failed to provide him notice of higher-level employment opportunities pursuant to the Final Board Order, and (2) submitted a declaration from James Zielinski, Clerk Craft Director,

American Postal Workers Union (APWU), Wilkes Barre Local, regarding the availability of positions within the agency, including a printout listing seventy-six full-time positions within the Harrisburg, Pennsylvania District that were available between 2001 and August 2003.

On February 2, 2005, the agency assigned Gutkowski to the non-supervisory, EAS-11 position of Postmaster, Shawanese, Pennsylvania. On February 11, 2005, the agency responded to Gutkowski's January 12 motion, informing the Board of his recent promotion to the EAS-11 position. The agency subsequently submitted, inter alia, a declaration from Paula McKee, Manager, Labor Relations, Central PA District (formerly the Harrisburg District), in which she explained that offering Gutkowski any of the higher-level, non-supervisory positions listed in the Zielinski declaration would have violated the collective bargaining agreement between the agency and the APWU ("National Agreement").

On April 4, 2006, the Board held that the agency had complied with the provisions of the Final Board Order concerning Gutkowski's back pay and annual leave balance, and further held that the agency had taken the necessary steps to ensure that his health coverage was continued. Gutkowski v. U.S. Postal Serv., 101 M.S.P.R. 399, 402-03 (2006). The Board also held, however, that the evidence submitted by Gutkowski on January 12 constituted new allegations that the agency was in noncompliance with the Final Board Order for failure to (1) place him in the next highest non-supervisory position below his former EAS-16 position, and (2) notify him of higher-graded positions for which he is qualified. The Board forwarded these allegations to the

Northeastern Regional Office for docketing as a new petition for enforcement. <u>Id.</u> at 406.

Upon receipt of the Board's decision, the AJ issued an Acknowledgement Order directing petitioner and the agency to file written responses regarding the placement and notification issues identified by the Board. In support of its contention that it had complied with the Final Board Order, the agency submitted an affidavit from Kathy L. Gill, Manager of Personnel Service for the Central PA District, who had been responsible for implementing the Initial Decision. Gill stated, <u>inter alia</u>, that the EAS-11 position to which Gutkowski was ultimately assigned was the "first position I became aware of that [Gutkowski] was qualified to fill" following his return to the agency in the PTF PS-5 position in March of 2004. She conceded that other EAS-11 and -13 positions had been available prior to Gutkowski's placement in the EAS-11 position, but averred that those positions were outside of Gutkowski's commuting area, in which Gutkowski had stated his desire to remain, and thus had not been considered for him. She further stated that all of the EAS-15 positions that had been available during that time required supervision of another agency employee, and were thus not available to Gutkowski under the terms of the Final Board Order. Gill also detailed the efforts made to notify Gutkowski of available EAS vacancies before and after his placement in the EAS-11 position, and stated that Gutkowski had not applied for any of those positions despite such notification. Gutkowski responded by referring to the contents of the previously submitted Zielinski declaration as evidence that other EAS positions could have been made available to him sooner, and disputed Gill's representation regarding his unwillingness to work outside of his commuting area.

In a decision on August 3, 2006, the AJ denied Gutkowski's petition and found that the agency had complied with the Final Board Order. Gutkowski v. U.S. Postal Serv., PH-0752-01-0218-C-3 (M.S.P.B. Aug. 3, 2006). Based on a review of the Zielinski and McKee declarations, the Gill affidavit, and Gutkowski's submissions, the AJ found that the agency had complied with its obligation to provide Gutkowski notice of EAS vacancies within his district, and that other EAS positions identified by Gutkowski required supervision of another employee, and thus were not available to him. The AJ also held that it would not have been "reasonable to require the agency to violate the National Agreement in seeking to place" Gutkowski following the Final Board Order, citing Smith v. U.S. Postal Service, 55 M.S.P.R. 348 (1992), and Hicks v. U.S. Postal Service, 52 M.S.P.R. 561 (1992), and that the agency had therefore acted appropriately in not assigning him to higher-level, non-supervisory positions that would have placed the agency in breach of that Agreement.

Gutkowski did not file a petition for review to the full Board, and the AJ's decision became the final decision of the Board on September 7, 2006. This appeal followed.

DISCUSSION

We will reverse the Board's decision if it is, inter alia, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . [or] unsupported by substantial evidence." 5 U.S.C. § 7703(c). On appeal, petitioner does not contest the Board's conclusions regarding (1) the adequacy of the agency's notice of available EAS positions; (2) the status of other potentially available EAS-11, -13, and -15 positions; or

(3) petitioner's preference to work within a fifty-mile commuting distance.[1]  Petitioner's sole contention is that the AJ erred as a matter of law in holding that the Final Board Order did not require the agency to assign him to higher-level, non-supervisory positions if such assignment would have put the agency in breach of the collective bargaining agreement.

The Final Board Order directed the agency to place petitioner, who had held an EAS-16 supervisory position prior to his removal, in "the next highest non-supervisory position."  Gutkowski, 2003 MSPB LEXIS 494, at *2.  As established by the McKee declaration and not disputed here, following petitioner's return to the agency in March of 2004, he was assigned to a PTF PS-5 position and not immediately promoted to certain higher-level, non-supervisory positions that were otherwise available because such placement would have been in violation of the National Agreement between the agency and the APWU.  Petitioner contends that this represents a failure to enforce the Final Board Order because, under 5 U.S.C. § 1204(a)(2), the Board has the authority to "order any Federal agency or employee to comply with any order or decision" it issues, and therefore the provisions of the Final Board Order regarding petitioner's employment superseded any obligation the agency may have had under the relevant collective bargaining agreement.

We reject this view.  The Board has consistently held that "the provisions of a collective bargaining agreement have the weight of regulations and agencies must

---

[1]  Petitioner's brief makes passing reference to the notice issue, and his counsel raised this issue at oral argument.  To the extent that these statements can be construed as a challenge to the AJ's conclusion that, in light of the facts presented in the Gill affidavit, the agency provided him with notice of all relevant EAS vacancies, we find that the AJ's conclusion was supported by substantial evidence and petitioner's contention is therefore rejected.

comply with them." Smith, 55 M.S.P.R. at 356; see also Hicks, 52 M.S.P.R. at 564; Poirier v. Dep't of the Navy, 31 M.S.P.R. 214, 217 n.3 (1986); Giesler v. Dep't of Transp., 3 M.S.P.B. 367, 368 (1980); cf. Vitanza v. U.S. Postal Serv., 94 M.S.P.R. 385, 390 (2003). While recognizing that these decisions are not binding upon us, we agree that an agency is not required, pursuant to the terms of a Board order, to assign an employee to a particular position when that assignment would violate the applicable collective bargaining agreement. As highlighted by Hicks, requiring the agency to take action in violation of such an agreement can adversely affect third-parties and expose the agency to grievance actions under the agreement. 52 M.S.P.R. at 563.

We need not decide, however, whether the Board has the authority to order an assignment that would violate the applicable collective bargaining agreement. An agency's interpretation of its own orders is entitled to significant deference. See Ericsson GE Mobile Commc'ns, Inc. v. United States, 60 F.3d 778, 782 (Fed. Cir. 1995). Here, the Board reasonably construed the term "next highest non-supervisory position" in the Initial Decision as excluding positions that were unavailable under the collective bargaining agreement. Gutkowski, PH-0752-01-0218-C-3, slip op. at 8 (M.S.P.B. Aug. 3, 2006). Thus, it was not error for the AJ to find that the agency had complied with the Final Board Order with respect to the placement of the petitioner following his return to the agency.

## CONCLUSION

The opinion of the Board in this matter is AFFIRMED.

## COSTS

No costs.